Mr. Justice Scott delivered the opinion of the court. The first objection, founded as it manifestly is, upon a mere informal transposition in the transcript merely of the recorded proceeding ¡ in the Court below, is not well taken. The other, objection better deserves notice. And as to this we think it clear that it was the intention of the Legislature in providing by the 87th Sec. of Chap. 52, of the Digest, that the name of the prosecutor shall be endorsed by himself, unpon indictments for trespass on persons or property, to require this to be done only in cases where the indictment was upon the information or testimony of a party injured by the alleged trespass. And the object of the Legislature, as is plainly indicated by the two succeeding Sections of the act, was to discourage frivolous prosecutions that might be gotten up for the mere gratification of vindictive feelings, by taxing the prosecutor with costs, whenever such prosecutions might prove fruitless. When a prosecution for a tresspass on person or property is upon the complaint or testimony of some person other than the party injured, there is no just ground for any suspicion that improper pi'ivate feelings may have prompted the prosecution; nor any such when the trespass is upon public property. It would seem, therefore, that although the State, in her corporate capacity, may be included within the general term of “person,” a trespass on the property of the State could not be within the provision of the Statute, being clearly without its reason; and that only natural persons and their property, and at most private corporations and their property can be included. Although the Sixteenth Sections are held by the State in trust, not for the people of the State at large, but for the people of the particular townships in which they are situated, they are not the less public property within the meaning of the Statute. We are of the opinion, therefore, that the Circuit Court erred in quashing the indictment in this case, and the judgment must be reversed, and the cause remanded.